UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| RANDOLPH MASON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:04-cv-38 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| CITY OF BATTLE CREEK, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This was a civil action brought by a former employee of the City of Battle Creek asserting rights under state and federal law arising from his termination from employment by the city.  The parties consented to the dispositive jurisdiction of a magistrate judge.  By opinion and judgment entered May 10, 2005, the court entered summary judgment in favor of defendants on all plaintiff's remaining federal claims and dismissed a state-law constitutional claim without prejudice. No party appealed from that judgment, and the time to do so has now elapsed.

Presently pending before the court are defendants' bill of costs (docket # 111) and their motion for the taxation of attorney's fees (docket # 102).  Both submissions are timely under Fed. R. Civ. P. 54(d) and W.D. Mich. LCivR 54.1.  The court will consider each request in turn.

A.      **Bill of Costs**

Defendants have submitted a verified bill of costs in the total amount of $4,803.60. Rule 54(d) of the Federal Rules of Civil Procedure provides that costs shall be awarded to the prevailing party "as of course," unless the court otherwise directs.  The language of Rule 54(d)

"creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *see Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *see also McDonald v. Petree*, No. 04-5053, 2005 WL 1282320, at * 7 (6th Cir. May 13, 2005). Because the rule prescribes a course of action as the norm but allows the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective. *Goosetree v. Tennessee*, 96 F.2d 854, 863 (6th Cir. 1986). It is therefore incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* In the present case, plaintiff has not advanced any reason why the court, in its discretion, should deny an award of costs.

Taxable costs are generally governed by chapter 123 of the Federal Judicial Code, 28 U.S.C. §§ 1911-1929. Items of taxable costs are enumerated in 28 U.S.C. § 1920. The court is limited to taxing costs that fall within those enumerated in § 1920, and has no discretion to exceed the four corners of the statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). With regard to allowing or disallowing any particular cost item listed in section 1920, the court has "broad discretion." 405 F.3d at 419.

Items 1 through 7 of defendants' bill of costs represent court reporter and transcript fees for the depositions of plaintiff, Jerome Clark, Lee Taylor, and Paul Engels. Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party pursuant to 28 U.S.C. § 1920(2). *See Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Under the Sixth Circuit rule, necessity is determined as of the time of taking, and the fact that

-2-

a deposition is not actually used at trial is not controlling.  *Id.*; *see Sutter v. General Motors Corp.*, Nos. 02-3571, 03-3118, 2004 WL 1303231, at * 3 (6th Cir. June 9, 2004).  In the present case, the deponents were all parties to this case or were otherwise directly involved in the events leading up to plaintiff's termination from employment.  Each of the depositions was cited to the court by one party or the other in connection with the summary judgment motion.  The court therefore finds that items 1 through 7 inclusive are taxable under section 1920(2), in a total amount of $3,401.60.

In items 8 and 9 of the bill of costs, defendants seek $1,310.00 for videotape services at plaintiff's deposition.  The Sixth Circuit's recent *Lexmark* decision held that a district court does not necessarily abuse its discretion if it taxes both the cost of videotaping and transcribing a deposition pursuant to section 1920(2).  405 F.3d at 419-420.  However, in this case, the defendants have provided no explanation of why these videotape services were necessary at the time of plaintiff's deposition.  In the absence of an adequate explanation why the apparently duplicative videotape costs were necessarily incurred, the court, in its discretion, will disallow cost items 8 and 9.

In item 10 of the bill of costs, defendants seek $72.00 in travel expenses incurred by Clyde Robinson, City Attorney for the City of Battle Creek, to attend a settlement conference. Defendants do not cite any authority that would allow the court to tax such expenses as costs, and the court is aware of none.  These attorney travel expenses, if they are to be recovered at all, must be recovered as a component of attorney's fees.  *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997); *accord Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000).  Purported cost item 10 will therefore be disallowed.

Finally, defendants seek a $20.00 docket fee in connection with the motion for summary judgment. Section 1920(5) allows the court to tax docket fees under 28 U.S.C. § 1923. Section 1923 authorizes a $20.00 docket fee for final hearings, such as hearings on summary judgment motions. *See, e.g., Meader-Bey v. Jones*, No. 92-2379, 1993 WL 76228, at * 1 (6th Cir. Mar. 17, 1993).

In summary, the court will allow taxable costs to defendants in the total amount of $3,421.60, and judgment will be entered in their favor in that amount.

**B.**      **Attorney's Fees**

Defendants seek taxation of attorneys fees against plaintiff pursuant to 42 U.S.C. § 1988 and against plaintiff's counsel pursuant to 28 U.S.C. § 1927. The standards for taxation of attorney's fees under either provision are not insubstantial. 42 U.S.C. § 1988 provides for the taxation of attorney's fees in civil rights action, but the Sixth Circuit has held that an award of attorney's fees against a losing plaintiff in a civil rights action is "an extreme sanction" which must be limited to truly egregious cases of misconduct. *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986); *see Tahfs v. Proctor*, 316 F.3d 584, 596 (6th Cir. 2003). The Supreme Court has held that a plaintiff should not be assessed attorney's fees unless the court finds that the claim was "frivolous, unreasonable or groundless." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see Dubue v. Green Oak Township*, 312 F.3d 736, 754 (6th Cir. 2003). Supreme Court and Sixth Circuit decisions emphasize that, "'[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Tahfs*,

316 F.3d at 596 (quoting *Christianburg*, 434 U.S. at 421-22).. Section 1927 is applicable only to lawyers and not to parties.  It invests the court with discretion to tax against an attorney the excess costs, expenses, and attorney's fees reasonably incurred by the opponent because of an attorney's unreasonable and vexatious conduct.  Sanctions under 28 U.S.C. § 1927 are appropriate only when the misconduct "causes additional expense to the opposing party."  *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1049 (6th Cir. 1996); *see Eaton Aerospace, L.L.C. v. SL Montevideo Tech., Inc.*, Nos. 03-1172, 03-1311, 03-1182, 2005 WL 705774, at * 6 (6th Cir. Mar. 29, 2005).  In applying this statute, the Sixth Circuit has adopted a standard of objective unreasonableness.  *See Ridder v. City of Springfield*, 109 F.3d 288, 297-99 (6th Cir. 1997).  Under this test, simply inadvertence or negligence will not support an award of sanctions.  Rather, there must be some conduct on the part of counsel that falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.  *Id.* at 298; *see Bawle v. Rockwell Int'l Corp.*, Nos. 01-2557, 02-1355, 2003 WL 22514346, at * 2 (6th Cir. Nov. 4, 2003).

In their request for attorney's fees under these statutes, defendants challenge the merit and good faith of plaintiff's claims from the very beginning of the lawsuit.  Defendants assert that the lawsuit should not have been brought and complain about counsel's inability to comply with the court's directions concerning the submission of an intelligible complaint.  Defendants further assert that counsel unreasonably maintained claims after he should have known that the claims were meritless and unreasonably raised a conflict of interest concerning corporation counsel, requiring the City to incur additional attorney's fees.  For his part, plaintiff's counsel charges defense counsel with obstructive tactics and points to the same motion practice regarding the sufficiency of the complaint as evidence of defendants' bad faith.  Plaintiff's counsel asserts that the court abused its discretion

-5-

in refusing to extend discovery and essentially blames defense counsel and the court for plaintiff's inability to marshal sufficient facts to defeat the summary judgment motion.

It is now clear to the court that the relationship between counsel in this matter was unusually rancorous. From the court's point of view, however, this was not an unusual case, nor was the level of hostility between counsel apparent to the court during the life of the case. With regard to plaintiff's liability for attorney's fees, the court cannot conclude that plaintiff maintained frivolous or vexatious claims or that plaintiff's claims were wholly without merit. It appears to the court that plaintiff's counsel was attempting to pursue a civil rights action in good faith and that counsel attempted to marshal the evidence and arguments in an endeavor to vindicate his client's rights. The court notes that none of plaintiff's claims was dismissed on Rule 12(b)(6) motion and that the grant of summary judgment in favor of defendants required a careful examination of the factual record.

In summary, the court concludes that defendants are not entitled to an award of attorney's fees against either plaintiff or his counsel in the circumstances of this case. Defendants' motion for taxation of attorney's fees will therefore be denied.

Dated:   June 16, 2005                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge