UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| RANDOLPH MASON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:04-cv-38 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| CITY OF BATTLE CREEK, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| _____ ) | |

This was a civil rights action brought by a former executive official of the City of Battle Creek arising from the termination of his employment. On May 10, 2005, the court entered judgment in favor of defendants. (docket # 97). On June 20, 2005, plaintiff filed a notice of appeal of the judgment. (docket # 119). On June 28, 2005, the Court of Appeals issued an order to show cause regarding the apparent jurisdictional defect of a late notice of appeal. *See Johnson v. City of Battle Creek*, No. 05-1864 (6th Cir. 2005). On July 12, 2005, plaintiff filed a motion in this court for extension of time within which to file a notice of appeal. (docket # 120). For the reasons set forth herein, plaintiff's motion will be denied.

**Discussion**

The court entered judgment on May 10, 2005. Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure states, "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days

after the judgment or order appealed from is entered." This thirty-day period expired on June 9, 2005, as none of the enumerated exceptions apply. Obviously, the parties to this lawsuit did not include the "United States, its officer or agency." FED. R. APP. P  4(a)(1)(B). Plaintiff is not an inmate confined in an institution. FED. R. APP. P. 4(c). None of the five motions listed in Rule 4(a)(4)(A) that would "automatically" alter the time to file an appeal are present in this case. *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 607 (6th Cir. 2004).

Defendants filed post-judgment motions for attorney's fees (docket # 102) and costs (docket # 111),[1] but those motions did not extend plaintiff's period within which to file a notice of appeal. A post-judgment motion for an award of costs cannot extend the time for appeal. *See Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 252 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 918 (2005). A post-judgment motion for an award of attorney's fees can only alter the deadline for filing a notice of appeal where, pursuant to Rule 58(c)(2) of the Federal Rules of Civil Procedure and Rule 4(a)(4)(A)(iii) of the Federal Rules of Appellate Procedure, a district court exercises its discretion and enters an order expressly extending the time to appeal. *Wikol*, 360 F.3d at 608. A district court can only act to transform a motion for attorney's fees into a time-tolling motion if the district court enters its Rule 58(c)(2) order before a notice of appeal has been filed and has become effective. *Wikol*, 360 F.3d at 608. This court never entered an order extending plaintiff's time for filing a notice of appeal pursuant to Rule 58(c)(2), and it is now too late to enter such an order. Rule 58(c)(2) and the Sixth Circuit's *Wikol* decision establish that this court was only empowered to issue a Rule 58(c)(2) order before plaintiff's notice of appeal

---

[1] On June 16, 2005, the court denied defendants' motion for an award of attorney's fees and entered a judgment awarding defendants a portion of the costs claimed in the bill of costs. (docket # 117).

was filed and became effective. Plaintiff filed a notice of appeal of the court's judgment on June 20, 2005. (docket # 119). The notice of appeal became effective on June 20, 2005 because "no motions that automatically toll the time to file a notice of appeal were pending." *Wikol*, 360 F.3d at 610; *see* FED. R. APP. P. 4(a)(4). In summary, the court finds no legal basis to depart from the general filing deadline established by Rule 4(a)(1)(A), which expired on June 9, 2005.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure authorizes a district court to grant an extension of time within which to file a notice of appeal in limited circumstances:

(A) The district court may extend the time to file a notice of appeal if:

(i) the party moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether the motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect[2] or good cause.

Here, the court need not, indeed cannot, address the issue of whether plaintiff has shown excusable neglect or good cause, because plaintiff's motion for an extension is untimely, and the court lacks jurisdiction to grant the relief requested. *See Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001); *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998)(A district court "lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day grace period."); *Pryor v. Marshall*, 711 F.2d 63, 64-65 (6th Cir. 1983)("Rule 4(a), as amended, prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time."); *see also Hayes v. Allstate Ins. Co.*, No. 00-6257, 2001 WL 111654 (6th Cir. Jan. 30, 2001)("A district court is without authority to grant an untimely filed

---

[2] "The excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Marsh v. Richardson* 873 F.2d 129, 130 (6th Cir. 1989).

motion for an extension and an order granting an extension under such circumstances is without effect to impart appellate jurisdiction to this court."). Plaintiff's 30-day period within which to file an appeal expired on June 9, 2005. The 30-day period after June 9, 2005, expired on July 11, 2005. *See* FED. R. CIV. P. 6(a). Plaintiff did not file his motion on or before July 11, 2005. Plaintiff filed his motion on Tuesday, July 12, 2005, a day after the deadline established by Rule 4(a)(5)(A)(i) had passed.

Finally, plaintiff's June 20, 2005 notice of appeal (docket # 119) cannot be treated by this court as a motion for an extension of time within which to file a notice of appeal. The United States Court of Appeals for the Sixth Circuit, and every other appellate court to consider the issue, has held that in a *civil case*, a notice of appeal cannot be treated as a motion for an extension of time within which to file a notice of appeal. *See Pryor*, 711 F.2d at 65; *see also Poole v. Family Court of New Castle County*, 368 F.3d 263, 267 (3d Cir. 2004), *cert. denied*, 125 S. Ct. 861 (2005)("Every other court of appeals to consider the question has reached the same conclusion.");[3] 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3950.3 at 139-43 (3d ed. 1999) (collecting cases).

---

[3] A different rule applies in criminal cases. *See Poole*, 368 F.3d at 267; *Cohen*, 142 F.3d at 118 n.1.

### Conclusion

For the reasons set forth herein, the court finds that plaintiff's motion is untimely, and that the court lacks jurisdiction to grant the relief requested. Plaintiff's motion will be denied.


Dated:   July 29, 2005          /s/  Joseph G. Scoville
                                United States Magistrate Judge